## No. 2.

### TAPPAN AND SEWALL *against* DAVID R. NUTTING.
*Franklin*, 1820.

IN an action of ejectment, where the plaintiffs' title is the levy of an execution against the defendant's grantors, the defendant cannot avoid the judgment against his grantors by shewing that the original writ, in the suit against them, was not served on all the defendants.

2. The plaintiffs, in such case, in order to be entitled to contend that the conveyance from the grantors was fraudulent, as against creditors, is permitted, to shew a negotiable note executed by them to him, although the note had been endorsed in full, to a third person, and the endorsement stricken out.

THIS was an action of ejectment, for a tract of land in the town of Berkshire, described by metes and bounds, containing twelve acres.

Plaintiffs shewed the record of a judgment, in their favor, against Solomon Emmons, Horatio Emmons, and Adonijah Emmons, recovered at the August term of Franklin County Court, A. D. 1810, by which it appeared that they attached all the lands in Berkshire, (public lands excepted) in that suit, as the property of the said Solomon, Horatio, and Adonijah, on the 8th day of August, 1810. They then shewed the land in question, levied upon and set off on an execution, issued on this judgment, within five months after the rendition of the judgment. They then shewed a deed, from one Nathaniel C. Johnson, to the said Horatio and Adonijah Emmons, executed previous to April, 1810, a deed from H. & A. Emmons to Daniel Smith, in April, 1810, from Daniel Smith to James Churchill, in 1812, and from Churchill to defendant, in 1814.

On the trial, the plaintiffs contended, that the deed from Horatio and Adonijah Emmons to Daniel Smith, in April, 1810, was fraudulent, as against the plaintiffs, (creditors of the said Horatio and Adonijah) and therefore, void.

The following objections were taken by the defendant :

1. It appeared, by the original files, in the aforesaid suit of Tappan and Sewall, against the said Solomon, Horatio, and Adonijah Emmons, that the suit was instituted against them as late partners in trade, under the firm of Solomon Emmons and

Sons, by writ of attachment, dated August 4, A. D. 1810, re-
turnable to Franklin County Court, at the August term of said
Court, 1810, in which writ the said Horatio was described as
being of Berkshire, aforesaid, and the said Solomon and Ado-
nijah as of Clarendon, in the County of Rutland.   On the ori-
ginal writ was rendered the following return, to wit:

"*Franklin, ss. August* 8, 1810.

"Then, by virtue of this writ, I attached all the lands (pub-
lic lands excepted) in the township of Berkshire, with the ap-
purtenances, &c. and on the same 8th day of August, aforesaid,
I left a true and attested copy of this writ, with this return and
a list of property thereon attached, thereon endorsed, at the
dwelling-house of the within named Horatio Emmons, in said
town of Berkshire ; and, on the same day and year aforesaid,
I left a like true and attested copy of this writ, with this re-
turn and a list of property hereon attached, thereon endorsed,
in the office of the Town Clerk, in the town of Berkshire.

"Attest,            .       S. BOWDISH, S. *D.*"

"*Clarendon, August* 15, 1810.

"Then, by the hand of Ozias Fuller, I left two true and at-
tested copies of this writ, with my return and list of property
hereon attached, thereon endorsed, to wit; at the last and usual
place of abode of the within named Solomon Emmons, in Clar-
endon, on a table ; and the other, at the last and usual place of
abode of the within named Adonijah Emmons, in Clarendon,
on a table.

"S. BOWDISH, S. *D.*"

It did not appear, by the record, aforesaid, that any notice
to the said Adonijah and Solomon, or either of them, was prov-
ed in the said County Court.   And it did appear that the plain-
tiffs took judgment against the said Solomon, Horatio, and Ad-
onijah, by default, at the August term of said Court, 1810, and
the record certifies "that the defendants did not appear in
Court."   Whereupon the defendant objected to the admission
of the record, aforesaid, because it does not shew any notice
of the suit to Solomon and Adonijah Emmons, as the certificate

of an officer in Franklin County, cannot prove an act, done by *another person*, in Rutland County.

The plaintiffs then offered to shew the docket of said County Court, for August term, 1810, by which it appeared, that the initial letters of the names of Aldis and Gadcomb were set to the cause Tappan and Sewall against Solomon Emmons and Sons, against the names of defendandants.

To this, the defendants objected, on the ground that it was offered to contradict the record, but the objection was overruled, and the docket shewn. Whereupon the Judge admitted the record aforesaid, to shew a good and valid judgment against the said Solomon, Horatio, and Adonijah Emmons.

2. The plaintiffs having requested the defendants to shew a bona fide debt against the said S., H. & A. Emmons, for the recovery of which, their suit, aforesaid, was brought ; they offered the notes,* described in the writ against Emmons, and it appearing they had been endorsed in the usual form, by a full endorsement, by the plaintiffs, to one Charles G. Lester, (which endorsement, however, was at this time defaced and drawn over with a pen ;) the defendant objected to said notes for the purpose of proving a *bona fide debt* due to the plaintiffs, in April, 1810, or at the commencement of said suit, in August, 1810.

The Judge over-ruled the objection, and admitted the notes for the purpose, aforesaid.

Verdict for plaintiff.

Motion for new trial, founded on exceptions to the opinion of the Judge.

Judgment of the Court :

On the first point, the Judgment of the County Court cannot be impeached in this collateral way ; the Judgment must be considered valid, until set aside by proceedings, brought directly on the Judgment, and for that purpose. On the second point, the decision of the Judge is confirmed.

New trial not granted.

* The notes were dated before the deed from Emmons to Smith, and were negotiable